**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SEAN O'MALLEY #2187143** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **A-18-CV-908-LY** |
| | § | |
| **CHIEF RANDY HOLLAND; GARY** | § | |
| **BUNYARD; CHIEF ALLEN ROSS;** | § | |
| **AND OLIVER DIKIE,** | § | |
| **DEFENDANTS.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges.

Before the Court are Plaintiff's amended complaint (ECF No. 54); Defendants Randy Holland and Ross Allen's Motion for Summary Judgment *First Amended* (ECF No. 67); Defendant Gary Bunyard's Second Motion for Summary Judgment (ECF No. 68); Plaintiff's response and reply (ECF No. 70, 74); and Plaintiff's Motions to Release Defendant Gary Bunyard, to Preserve and Protect Property, and to Preserve Electronic Data and Media Evidence in Defendants' Possession (ECF Nos. 62-63, 65). Plaintiff, proceeding pro se, has been granted leave to proceed *in forma pauperis*.

## I. STATEMENT OF THE CASE

At the time Plaintiff filed his amended complaint pursuant to 42 U.S.C. § 1983, he was incarcerated in the Estelle Unit of the Texas Department of Criminal Justice. He alleges that in October 2016, then Johnson City Chief of Police Randy Holland arrested Plaintiff at his place of business in Johnson City, Texas. Plaintiff states that Chief Holland removed $200 from his person, and along with Oliver Dikie, the property owner, Holland locked up the premises which included Plaintiff's business property—namely, twenty-five Airstream trailers, one Airstream Motorhome, four travel trailers, and approximately $86,000 in RV and business parts and supplies—along with some personal property. Plaintiff further alleges that Holland and Dikie began to dispose of his property on November 20, 2016 via a "30 day sale." Plaintiff states he received no notice of this sale, or the disposal of his property, and claims these actions violated his Fourteenth Amendment rights. He is suing former Johnson City Police Chief Randy Holland, current Johnson City Police Chief Roy Allen, Blanco County Assistant District Attorney Gary Bunyard, and Oliver Dikie, and seeks $980,000 in damages and the return of all business and personal property. Mr. Dikie has not been served with the complaint. (Dkt. Entry 10/03/2019.)

Defendants Holland, Ross, and Bunyard move for summary judgement (ECF Nos. 67-68.) However, prior to Defendant Bunyard filing his motion for summary judgment, Plaintiff filed a motion to dismiss Defendant Bunyard from the complaint. (ECF No. 62.) As such, the undersigned recommends that the Court grant Plaintiff's motion to dismiss Defendant Bunyard and dismiss Defendant Bunyard's motion for summary judgment.

In their motion for summary judgment, Defendants Holland and Ross argue that Plaintiff has failed to state a prima facie case under § 1983 because no sale or other deprivation of Plaintiff's property occurred, and that in any event, Plaintiff's remedy for the deprivation would be in a state

court administrative action. Defendants argue in the alternative that they are entitled to qualified immunity. (ECF No. 67.) In Plaintiff's response and reply, he restates his allegations, and alleges that Defendant Holland took his business cell phone and evicted two of his employees who lived on site. (ECF Nos. 70, 74.) Defendant Holland denies taking Plaintiff's phone. (ECF No. 72.)

## II. DISCUSSION AND ANALYSIS

### A. Summary Judgment Standard

A court will, on motion for summary judgment, render judgment if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322. The moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* at 323-24. At that point, the burden shifts to the non-moving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. The non-moving party cannot rely on general

allegations but must produce "specific facts." *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the non-moving party and indulge all reasonable inferences in their favor. *See James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990). The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *See id.* (citing *Matsushita Electic Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

B. Qualified Immunity

A government official performing a discretionary function is shielded from liability for civil damages so long as his actions do not violate a clearly established right of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Where, as here, a defendant invokes qualified immunity in a motion for summary judgment, it is the plaintiff's burden to show that the defendant is not entitled to qualified immunity. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). The plaintiff must therefore present evidence sufficient to create a genuine dispute of material fact as to whether (1) the official's conduct violated a constitutional right of the plaintiff, and (2) the constitutional right was clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. *See id.*; *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

C. Due Process

The Due Process Clause of the Fourteenth Amendment states "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. For claimants asserting a violation of their procedural due process rights, it is not the initial deprivation of "life, liberty, or property" that is unconstitutional; rather, "what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). As a result, the intentional deprivation of property only becomes a potential constitutional violation if and when the State fails to provide due process. *Id.* Accordingly, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Id.*

Under § 1983 a municipality may also be liable for the violation of constitutional rights, including procedural due process. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A suit against a state actor in their official capacity may implicate municipal liability if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" or is a "governmental 'custom'" even if not officially approved. *Id.* To succeed on this claim a plaintiff must show "'(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.'" *Longoria ex. rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, — F.3d —, 2019 WL 5687512 (5th Cir. 2019).

D. Defendants Holland and Ross

Plaintiff alleges that Defendants Holland and Ross deprived him of his property without due process of law by seizing the Airstream trailers and parts from his business and then selling

them in a forfeiture action without providing Plaintiff any notice. The summary judgment record shows the following.

In June of 2016, Johnson City Police Sergeant Garrett Scallorn began receiving complaints of deceptive business practices involving Plaintiff's business, Vintage Travelers Air Stream Restoration. The gist of the complaints was that Plaintiff would promise prospective customers above par restoration work at competitive prices and quick completion dates, and would request a $1,000 deposit for the customer's trailer to be in his "build line." Plaintiff would then keep the trailer for a couple of months, and then request another deposit—usually thousands of dollars—for parts and labor to begin the work. Once the deadline for completion neared, the customer would usually attempt to contact Plaintiff about the progress of work. Sometimes, the customer was unsuccessful in contacting Plaintiff. If they did get in touch with him, then Plaintiff would usually provide excuses as to why little to no work had been completed. This pattern would then continue over several months until the customer decided to abandon the project. Five customers provided the Johnson City Police Department with statements and evidence supporting these claims. Plaintiff was arrested and charged with Theft on October 15, 2016. (ECF No. 67-1., Ex. A-1.)

While Plaintiff was being arrested, one of his employees told Scallorn that Plaintiff would take money from clients, but then use that money on other customers' trailers. The employee stated that several trailers had been on the lot for years but had not been worked on. In his report of this conversation, Scallorn stated that he was going to check licenses plates for "status of stolen" and contact the owners to pick up their property. (*Id.*, Ex. A-3.)

At the time of arrest, Plaintiff had two active arrest warrants from Arizona and California. On October 20, 2016, Defendant Holland transported Plaintiff to Fort Hancock, Texas, where he was transferred to Arizona custody. Defendant Holland reported that Plaintiff made several "Res

Gestae" statements during this trip: Plaintiff told Holland that he had got "in over his head" with the business, taking cash deposits from customers despite knowing he would not be able to start or complete the work requested. Defendant Holland also reported that Plaintiff consented to a property search. (*Id.*, Ex. A-4.) Defendants attached a notarized document written by Plaintiff where he designates to whom his business and personal property should be allocated (e.g., "Give Charge to Craig Tucker, All Airstream Polish Supplys and Equipment") and then lists the names and addresses of the owners of the Airstreams located on the property. Plaintiff also gave Defendant Holland permission to access his cell phone and provided the password. (*Id.*, Ex. A-5).

Scallorn searched the property on November 1, 2016. He reported that the office door was locked and that a computer that he had seen at the time of Plaintiff's arrest was missing. Scallorn seized a blue bin containing several client files. (*Id.*, Ex. A-6.) On November 28, Defendant Holland reported that certified letters were sent to the remaining owners of the Airstream trailers. (*Id.*, Ex. A-7.)

On March 21, 2017, an arrest warrant was issued for Patricia Cummings, an associate of Plaintiff's, for tampering with physical evidence. Recorded phone calls between Plaintiff and Ms. Cummings while Plaintiff was incarcerated in the Arizona jail showed that Ms. Cummings had taken several items from Plaintiff's property after his arrest, including his computer, phone, and some files. (*Id.*, Ex. A-8.) Plaintiff was extradited back to Texas in September 2017, and convicted and sentenced for Theft in March 2018. (*Id.*, Ex. A-10.)

Included in Defendants' summary judgment motion are pictures of Plaintiff's property that Sergeant Scallorn took in January 2018. The pictures show the interior of the office building in serious disrepair, but it still houses office furniture, propane tanks, what appear to be parts and supplies for the trailers, and approximately five campers and trailers. (*Id.*, Ex. A-12.) Scallorn

averred that, as of January 2019, the property looked much the same as it did in these pictures. (*Id.*, Ex. A.)

Defendant Holland attested that no sale or forfeiture action related to Plaintiff's criminal case or involving his business property was ever conducted by himself or the Johnson City Police Department; and any cash on Plaintiff's person at the time of his arrest would have been accounted for in the Blanco County Jail property log. (ECF No. 67-2.) That log shows Plaintiff had $0.91 on him at the time of booking. (ECF No. 67-3.)

In Plaintiff's response, he states that his allegation that Defendant Holland stole $200 was meant to attack Defendant Holland's credibility, that Holland also took his company cell phone at the time of arrest; and that it was plain a forfeiture action did take place, despite Defendants' statements to the contrary. (ECF No. 70.) His reply restates these allegations and argues that Defendants are not entitled to summary judgment. (ECF No. 74.)

The Court recommends granting Defendants Holland and Ross's motion for summary judgment. Although Plaintiff has alleged that Defendants seized his business property and sold it at a forfeiture sale, there is no evidence in the record supporting this allegation. Defendants have denied the seizure of any property outside of the blue bin of files Sergeant Scallorn took from Plaintiff's office during the authorized search. Further, Scallorn attested that, as of January 2019, Plaintiff's property looked much the same as it did in January 2018, when he took the photographs attached to Defendants' summary judgment motion. Plaintiff has neither rebutted these statements nor provided any evidence to the contrary. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'") (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). Accordingly, because there is no

genuine issue of material fact as to whether Defendants took Plaintiff's property, there is no evidence of a constitutional violation. *See Zinermon*, 494 U.S. at 125 (it is not the deprivation of property that is unconstitutional; rather, "what is unconstitutional is the deprivation of such an interest without due process of law" (citations *Parratt*, 451 U.S. at 537).

In any event, even if Defendants had deprived Plaintiff of his property, in States where the plaintiff has an adequate post-deprivation tort remedy under state law, the deprivation is not without due process of law, and therefore fails to state a constitutional claim. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Al-Ra'id v. Ingle,* 69 F.3d 28 (5th Cir. 1995). Even an intentional deprivation made without regard to the proper procedural regulations would not violate procedural due process if the state furnished an adequate post-deprivation remedy. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). In Texas, the tort of conversion fulfills this requirement. *Id*. Accordingly, the Court recommends granting summary judgment to Defendants Holland and Ross in their official and individual capacities.

E. Defendant Dikie

Although not named in the original complaint, Plaintiff's amended complaint names Oliver Dikie as a defendant and alleges that he conspired and cooperated with the Johnson City Police Department to seize Plaintiff's property and sell it at a forfeiture sale. (ECF No. 54.) The Court should dismiss Plaintiff's complaint against Defendant Dikie because it fails to state a claim under 28 U.S.C. § 1915(e).

A plaintiff proceeding *in forma pauperis* may have their complaint dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who

is immune from suit. 28 U.S.C. § 1915(e). When reviewing a pro se complaint, the court must construe the allegations as liberally as possible. *See Haines v. Kerner*, 404 U.S. 519 (1972).

To state a claim under § 1983, a plaintiff must allege that the person who deprived him of his federal rights was acting "under color of law." *See Prisester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). For a private citizen, such as Dikie, to be held liable under § 1983, the plaintiff must allege that the citizen was a willful participant in a joint action with the State or its agents. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Preister*, 354 F.3d at 420. "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Preister*, 354 F.3d at 420 (citations omitted).

Plaintiff's claims do not sufficiently allege a conspiracy on the part of Dikie and Defendant Holland to violate Plaintiff's constitutional rights. In his amended complaint Plaintiff alleges that Dikie was aware that Defendants were seizing Plaintiff's property without the required hearing, and that Dikie worked with Defendants to restrict access to Plaintiff's property and to change all the locks. However, Defendants identified Dikie as the owner of the property (a fact Plaintiff has not rebutted) and it is not clear how Dikie's alleged actions—restricting access and changing locks—furthered any attempt by Defendants to seize Plaintiff's property. And, in any event, it is clear from the record that Ms. Cummings was able to enter the property after Plaintiff's arrest and seize valuable items, which is inconsistent with Plaintiff's allegations against Dikie. Accordingly, because there is nothing to support a § 1983 claim against Dikie apart from Plaintiff's conclusory statements, it should be dismissed pursuant to § 1915(e).

## III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Plaintiff's Motion to Dismiss Defendant Gary Bunyard (ECF No. 62) and **DISMISS** Defendant Bunyard's Motion for Summary Judgment (ECF No. 68); **GRANT** Defendant Holland and Ross's Motion for Summary Judgment (ECF No. 67) and render a **TAKE NOTHING** judgment; **DISMISS WITH PREJUDICE** Plaintiff's claims against Oliver Dikie for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), and **DISMISS** Plaintiff's pending motions. (ECF Nos. 64, 65, 73.)

## IV. OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en*

*banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** on November 25, 2019.

MARK LANE
UNITED STATES MAGISTRATE JUDGE